IN September 1817, Carrico confessed judgment (reserving equity) for §400, in the Shelby circuit court, in an action instituted therein by Froman, on his penal bond, conditioned for the payment of that sum ; the said bond reciting, “ It is expressly understood by the above bound Levi Carrico, that, whereas the above sum of four hundred dollars cash, is for the purchase of four hundred and seventy, seven acres of land, in Shelby county, purchased by said Froman, at sheriff’s sale, on the 27th of December 1816, the said sum of four hundred dollars cash is not to be withheld by bill in chancery or otherwise, if any adverse' claim or claims shall come 6r be against the said 477 acres of land.”
2. In December 1817, Carrico filed his bill in equity, to enjoin the judgment at íaw, and to have the contract for the purchase of the 477 acres of land, between him and Froman, set aside. The bill alleges, that Froman became the purchaser of the land at sheriff’s sale, in December 1816, under an execution issued from the Nelson circuit court against three of the heirs of Paul From an ; that afterwards, whilst in. treaty witli Froman for the purchase of the title acquired by him under the sheriff’s sale, he, BYoman, with an intention to defraud him, represented that the three persons against whom judgment was obtained in the Nelson circuit court, on which the execution issued, were the only and sole heirs of Paul Froman; that lie knew of no defect of title whatever to said land, but believed it was regularly derived from Isaac Cox, the patentee, to the said Paul Froman ; that under the *179 belief of these representations, he made the purchase; that he has since discovered Paul Froman never had any title to the land ; charges Froman with full knowledge of that fact, and concealment of it from him; and that, but for the improper interference of Froman, he could and would have purchased the legal title from one May, in whom it now is. The bill further charges, that Paul Froman, at the time judgment was rendered by the Nelson circuit court against three of his heirs, had seven other heirs, not sued in that action, and that Froman knew it, &c.
Where a purchaser at a sheriff’s sate of land, sells his bargain ’ without recourse, the purchase money shall not be withheld on the ground, that he represented his title much better than it was, if such representations were made with». out fraud and under an ’ lionest conviction of their truth-
*179 Froman, in his answer, admits the purchase of the land by him at sheriff’s sale, and the sale by him thereafter to the complainant; but he denies knowing, at the time of his sale to Carrico, that the title was not in the heirs of Paul Froman ; asserts that he never informed Carrico that Paul Froman had but three heirs 5 but, to the contrary, alleges the fact to he notorious, of his bavins: other heirs, and Carrico knew it.
The answer denies that Froman either made any fraudulent misrepresentations to Carrico, in relation to the title, or concealed from him any defect within his knowledge; alleges the sale to have been a chancing one, at a price far below the intrinsic value of the-land. &c.
The court below pronounced a decree dismissing Carrico’s bill, and dissolving his injunction, witli costs anu damages, from that decree <bamco has annealed to this court.
3. There is evidently no pretext for applying to a court 01 ccjuityj xo set dsiuc xii“ conn dci on xnc scoi c of fraud alleged to have been, practised by Froman, in representing the title of the land to be in the heirs of Paul Froman. Froman denies the charge, and there is not the slightest evidence of any representation on the subject of the title having been made by Froman .during the treaty with Carrico about their contract. During the sale which was made by the sheriff, it is in proof, that Froman attempted to induce those present to purchase, by representing the title to be in the heirs of Paul Froman; but those representations, so far from conducing to prove the fraud alleged in the bill, to have been practised by him on Carrico, tend strongly to show that he was under an honest conviction, when the land was sold by the sheriff, that the pity. *180 chaser would acquire a valid title ; and there is no evidence in the record, calculated to prove that Fro-man, after his purchase from the sheriff, and before he sold to Carrico, was informed of the title not being in the heirs qf Paul Froman; and without knowing the fact, it is impossible Froman can have been guilty of a fraud in not disclosing it to Carrico.
In this case it appears, that the sel ler represented the leg' I title to be in '.he defendants in the exec" tion, Whan, in fact, it was not and never had been; but it appears, that he firmly be • lieved it was.
It1 is true, Froman, as well from the admissions contained in his answer, as from the evidence in the cause, must be admitted to have known that Paul Froman had more heirs than the three against whom the judgment under which the sale was made by the sheriff, was rendered; and there is no evidence in the record, proving that Caprico was informed thereof by Froman. But we are unable to perceive any injury which can have resulted to Carrico, from the circumstance of there being more heirs of Paul Froman. He alleges in his bill, and the fact is not contested, but admitted by Froman, that the title is not in the heirs of Paul Froman. The title could not, therefore, have passed to the purchaser at the sheriff’s sale, even if the judgment had been rendered against all of the heirs; and consequently, the interest gained by Carrico under his purchase from Froman, was precisely the same as if the judgment had been against all the heirs. ...
The decree must be affirmed with costs and damages on the damages decreed by the court below.